■ MARVIN SUTTON, Respondent, v DONALD DE RIGGI, Appellant.—In a defamation action, defendant appeals from an order of the Supreme Court, Nassau County, dated May 1, 1974, which denied his motion for summary judgment. Order reversed, with $20 costs and disbursements, and motion granted. In our opinion, defendant's remarks come within the scope of the rule enunciated in *New York Times Co. v Sullivan* (376 US 254). Hence, he may be held liable only if he knowingly or recklessly made a false, defamatory statement. There is no claim in the record that defendant knew of any falsehood in the statement. Similarly, it is clear that plaintiff will be unable to prove with "convincing clarity" that the statement was made "with reckless disregard of whether it was false or not" *(New York Times Co. v Sullivan, supra,* pp 285–286). Under these circumstances, defendant's motion for summary judgment should have been granted *(Schwartz v Time, Inc.,* 71 Misc 2d 769, 773). Rabin, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.

■ FRANCE L. VIEIRA, Respondent, v ELIO VIEIRA, Appellant.—In an action in which plaintiff was granted a judgment of divorce, defendant appeals, as limited by his brief, from so much of the said judgment of the Supreme Court, Westchester County, dated January 7, 1975, as (1) awarded plaintiff (a) alimony in the sum of $175 per week and (b) child support in the amount of $75 per week, (2) made such awards retroactive to January 28, 1974, (3) provided that the total arrears, amounting to $11,150, be paid within 30 days and (4) directed him to pay plaintiff's attorney a counsel fee of $4,000 plus disbursements. Judgment modified, on the facts and in the exercise of discretion, so as to (1) reduce the award of alimony to the sum of $160 per week, (2) reduce the award of child support to $65 per week and (3) delete the direction that the arrears, the total of which is hereby reduced to the amount of $10,025, are to be paid within 30 days. As so modified, judgment affirmed insofar as appealed from, without costs. Payment of the arrears within 90 days of entry of the order to be made hereon shall be deemed compliance with the direction for the payment of said arrears. In our view, the awards for alimony and child support were excessive to the extent indicated. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.